IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

MASSINISSA BELKADI,

       Plaintiff,

v.                            CIVIL ACTION NO. 1:24-CV-14
                                   (KLEEH)

C.C. MAYLE, *a police officer*
*for the City of Morgantown*,

       Defendant.

**AMENDED MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL [ECF NO. 3]**

Pending before the Court is *Defendant C.C. Mayle's Motion [to] Dismiss Plaintiff's Complaint In lieu of Answer* [ECF No. 3]. For the reasons discussed herein, Defendant C.C. Mayle's Motion is **GRANTED**.

## I.   <u>PROCEDURAL HISTORY</u>

On February 1, 2024, Plaintiff Massinissa Belkadi ("Plaintiff" or "Belkadi") against C.C. Mayle, a police officer for the City of Morgantown. Compl., ECF No. 1. Specifically, Counts One through Four are brought under 42 U.S.C. §1983 and allege (1) Excessive Force; (2) False Arrest; (3) Unlawful Search and Seizure; and (4) Unlawful Detainment. Counts Five and Six are brought under West Virginia common law and allege (5) Battery and (6) Assault. <u>Id.</u>

On March 27, 2024, Defendant C.C. Mayle ("Defendant" or

"Mayle") moved to dismiss Counts One through Four of the Complaint to the extent they are brought under the Eighth and Fourteenth Amendments to the United States Constitution and also asserts Counts Three and Four should be dismissed as duplicative of Count Two. ECF No. 3. On April 10, 2024, Plaintiff filed his response in opposition to partial dismissal [ECF No. 5] and Defendant filed his reply in support of dismissal on April 17, 2025 [ECF No. 6]. The Court additionally convened for a hearing on the subject Motion on January 13, 2025, and heard arguments from the parties. The Motion for Partial Dismissal [ECF No. 3] is thus fully briefed and ripe for review.

## II.  **FACTUAL ALLEGATIONS**

In the Complaint, Plaintiff alleges that on the evening of February 2, 2023, he was in downtown Morgantown, West Virginia and planned to meet up later in the night with his girlfriend. ECF No. 1 at ¶¶ 4-5. When meeting up, Plaintiff's girlfriend was intoxicated, and he attempted to help her get back to his apartment – as previously planned. Id. at ¶¶ 6-8. During this time, one of the girlfriend's friends yelled at Plaintiff and a stranger then picked up Plaintiff's girlfriend and carried her away. Id. at ¶¶ 8-10.

Soon after, Defendant Officer C.C. Mayle arrived and approached Plaintiff. Id. at ¶¶ 15-16. Plaintiff claims that Mayle physically placed his hands on him and forced him to sit on steps

outside a restaurant – detaining him. Id. at ¶¶ 17-18. Plaintiff alleges Mayle then started questioning and yelling at him. Id. at ¶¶ 19-20. Mayle allegedly accused Plaintiff of pulling his girlfriend into a car and told Plaintiff he would arrest Plaintiff if Plaintiff did not stop yelling at him. Id. at ¶¶ 21-23. Plaintiff asserts that Mayle failed to de-escalate the situation. Id. at ¶ 24.

Mayle asked Plaintiff for his name, and he initially refused, but then gave his full name and offered up his identification. Id. at ¶¶ 26-29. During this time, Mayle ordered Plaintiff to stand, and when he did not stand, Mayle allegedly grabbed Plaintiff and lifted him up to a standing position. Id. at ¶¶ 28-30. Plaintiff claims he repeatedly asked the officer "for what?" during the interaction. Id. at ¶ 31. Then, Mayle allegedly swung Plaintiff from a standing position and slammed his head on a concrete sidewalk. Id. at ¶ 32.

At this time, Mayle and another officer handcuffed Plaintiff and told him to stop resisting. Id. at ¶ 37. Plaintiff told the officers he was not doing anything. Id. at ¶ 38. After handcuffing Plaintiff and walking him towards a police vehicle, Mayle told him he was under arrest for disorderly conduct and public intoxication. Id. at ¶ 41. Plaintiff was not read his Miranda rights upon arrest. Id. at ¶ 40. After the arrest, the police did not conduct a breathalyzer test or a field sobriety test. Id. at ¶¶ 43-44.

3

Plaintiff alleges he suffered physical injuries to his head and a finger as a result of Mayle's actions. Id. at ¶ 45.  He was treated at Mon Health Medical Center for the alleged injuries and was diagnosed with a concussion and facial abrasions. Id. at ¶¶ 46-47.  Though Plaintiff was charged with disorderly conduct, obstructing an officer; fleeing from officer, public intoxication, and underage possession/consumption of alcohol – all the charges were later dismissed. Id. at ¶¶ 48-49.

### III. **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a Complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the Complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a Complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a Complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

## IV.  DISCUSSION

As an initial matter, Defendant does not dispute that Counts One through Four are adequately pled under a Fourth Amendment theory of liability. However, even under the Fourth Amendment, Defendant contends Counts Three and Four are duplicative or encompassed by Count Two of the Complaint. Defendant further does not challenge the adequacy of the pleadings for the assault and battery claims. Thus, the parties' arguments and the Court's analysis focuses on (1) the applicability of the Eighth and Fourteenth Amendments as a basis for Counts One through Four and (2) whether Counts Three and Four are viable separate claims. For the reasons elaborated upon below, Defendant's Motion for Partial Dismissal [ECF No. 3] is **GRANTED.**

**A. Counts One through Four are Dismissed to the Extent the Claims Rely Upon the Eighth Amendment.**

Defendant argues that the § 1983 claims cannot be based upon the Eighth Amendment because it's ban on cruel and unusual punishment protects individuals post adjudication when incarcerated. ECF No. 4 at pp. 6-7. In his reply briefing, Plaintiff concedes this point and acknowledges that his claims "should not be analyzed under the Eighth Amendment since Defendant's actions against Plaintiff detailed in the Complaint did not occur after any 'conviction'. . ." ECF No. 5 at p. 6. Thus, Counts One through Four are **DISMISSED** to the extent they rely upon the Eighth Amendment.

**B. Counts One through Four are Dismissed to the Extent the Claims Rely Upon the Fourteenth Amendment.**

Defendant moves to dismiss Counts One through Four as they are alleged under the Fourteenth Amendment because Plaintiff did not specify whether the claims are substantive or procedural due process violations. ECF No. 4 at p. 3. Further, assuming the claims are substantive Fourteenth Amendment claims, Defendant asserts that they are duplicative of the more specific rights afforded under the Fourth Amendment. Id. In support of his Fourteenth Amendment claims, Plaintiff argues that the claims should survive to the extent Plaintiff was treated as a pretrial detainee at any point during the subject events. ECF No. 5 at p. 5 (arguing it remains unclear when an individual's rights prior to the completion

of an arrest end under the Fourth Amendment, and the protection to pretrial detainees analyzed under the Fourteenth Amendment begin). Defendant rebuts Plaintiff's argument stating that Plaintiff was not a pretrial detainee during the subject conduct because Plaintiff had not yet been formally charged – rather the conduct was incident to arrest. ECF No. 6 at p. 3.

The Supreme Court has held that "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." United States v. Lanier, 520 U.S. 259, 272 n.7 (1997) (citing Graham v. Connor, 490 U.S. 386, 394 (1989)). "The Court may not entertain a due process claim where Plaintiffs allege a Fourth Amendment claim arising from the same abusive government conduct." Spry v. W. Virginia, 2017 WL 440733, at *6 (S.D.W. Va. Feb. 1, 2017) (dismissing Fourteenth Amendment claim "[b]ecause Plaintiffs' textually-specific Fourth Amendment claim affords her decedent ample protection"). See Zsigray v. Cnty. Comm'n of Lewis Cnty., 2017 WL 462011, at *3 (N.D.W. Va. Feb. 2, 2017), aff'd sub nom. Zsigray v. Cnty. Comm'n of Lewis Cnty., W. Virginia, 709 F. App'x 178 (4th Cir. 2018) (dismissing Fourteenth Amendment claim because "the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the

more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.").

Here, Plaintiff's claims in Counts One through Four are appropriately brought pursuant to the Fourth Amendment because they all relate to the alleged unlawful arrest on February 1, 2024. The Fourth Amendment to the United States Constitution provides,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. Plaintiff's argument that he could be considered a pretrial detainee is a distinction without a difference and is not relevant to determining if a viable Fourteenth Amendment claim exists because, here, the Fourth Amendment provides the specific constitutional protections Plaintiff alleges were infringed by Mayle before and during his arrest. The Fourteenth Amendment substantive due process claim is duplicative and arises from the same alleged abusive government conduct. Plaintiff's claims are thus properly alleged under the Fourth Amendment. Thus, Counts One through Four are **DISMISSED** to the extent they rely upon the Fourteenth Amendment.

**C. Counts Three and Four are Dismissed Because the Claims are Subsumed by Count Two.**

Defendant argues Count Three for Unlawful Seizure and Count Four for Unlawful Detainment should be dismissed because they are duplicative of Count Two for False Arrest. ECF No. 4 at p. 7. According to Defendant, the facts pled in support of Counts Three and Four are the same as Count Two – one encounter, one set of facts, and one event. In contrast, Plaintiff argues he should be able to proceed on all three independent claims because he provided facts to support each claim. Alternatively, he argues he is entitled to plead alternative claims. ECF No. 5, at p. 8. See Fed. R. Civ. P. 8(d)(2).

"Claims are duplicative if they 'stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available.' Doe v. Cmty. Coll. of Balt. Cnty., 595 F. Supp. 3d 392, 417 (D. Md. 2022) (quoting Wultz v. Islamic Republic of Iran, 755 F. Supp. 2d 1, 81 (D.D.C. 2010)). Furthermore, a "district court 'has discretion to dismiss duplicative claims where they allege the same facts and the same injury'" in the interest of judicial economy. Id. Additionally, the Court can read the duplicative claims as being subsumed by the overarching Fourth Amendment claim. See Williamson v. Mills, 65 F.3d 155, 158–59 (11th Cir. 1995) (finding excessive force claim subsumed by the false arrest claim because the damages recoverable

on the false arrest claim included damages suffered because of use of force in affecting arrest); Richmond v. Badia, 47 F.4th 1172, 1180 (11th Cir. 2022) ("Unlike a genuine excessive force claim, an artificial excessive force claim – that force was excessive merely because another Fourth Amendment violation occurred – is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim.").

Here, Counts Three and Four assert the same Fourth Amendment violations relating to Plaintiff's arrest and the interactions leading up to the arrest. While Plaintiff is the master of his complaint, the Court finds little difference in facts or legal rights between Counts Two, Three, and Four. Thus, the facts alleged in support of unlawful detention and unlawful seizure can be used to support the false arrest claim in Count Two and Counts Three and Four are **DISMISSED**.

## V.   CONCLUSION

For the foregoing reasons, *Defendant C.C. Mayle's Motion [to] Dismiss Plaintiff's Complaint In lieu of Answer* [ECF No. 3] is **GRANTED**. Counts Three and Four of Plaintiff's Complaint for Unlawful Search and Seizure and Unlawful Detainment are **DISMISSED** because the alleged unlawful conduct is duplicative and included within Count Two.[1] Plaintiff's claims in Counts One through Four

---

[1] The subject Order is amended to correct a clerical error regarding the appropriate counts of dismissal.

are further **DISMISSED** to the extent the claims are brought under the Eighth and Fourteenth Amendments of the United States Constitution. Thus, Plaintiff's remaining claims are Count One for Excessive Force and Count Two for False Arrest under the Fourth Amendment and Counts Five and Six for Battery and Assault under West Virginia common law.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Amended Memorandum Opinion and Order to counsel of record by the CM/ECF system.

**DATED:** April 10, 2025

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

11